# KATSKY | KORINS LLP

MEMBERS OF THE FIRM

| | | |
|---|---|---|
| ROBERT A. ABRAMS | THOMAS M. LOPEZ | |
| RANDOLPH AMENGUAL | NEIL S. MILLER | |
| SHIREEN ARANI | STEVEN H. NEWMAN | |
| NICHOLAS G. ARONS | BARBARA LYNN PEDERSEN | |
| MATTHEW DANOW | ANN RYAN | |
| ELAN R. DOBBS | JEFFREY SNYDER | |
| STEVEN B. FEIGENBAUM | MERYL LYNN UNGER | |
| MATTHEW A. FEIGIN | MARCY L. WACHTEL | |
| DAVID L. KATSKY | MARK WALFISH | |
| ADRIENNE B. KOCH | ARIEL WEINSTOCK | |
| EUGENE V. KOKOT | JOEL S. WEISS | |
| ROY M. KORINS | ELIAS M. ZUCKERMAN | |
| DENNIS C. KRIEGER | | |

WRITER'S DIRECT DIAL | 212.716.3278
WRITER'S DIRECT FAX | 212.716.3336
WRITER'S EMAIL | sfeigenbaum@katskykorins.com
OUR REFERENCE |

November 2, 2022

By ECF

Honorable Therese Wiley Dancks
United States Magistrate Judge
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261-7346

Re:   *John Does 1 Through 7 v. The Taliban et al.*, No. 6:22-cv-00990 (DNH) (TWD)

Dear Judge Dancks:

As counsel to garnishee respondent The Bank of New York Mellon ("BNY Mellon") in the above action, and in accordance with Your Honor's directive on the October 31 conference call with the parties, I write to request that the docket in the action be unsealed for the limited purpose of enabling BNY Mellon to access Plaintiffs' *ex parte* motion for a writ of execution covering the blocked account that Plaintiffs seek to have turned over. The motion, was placed and remains under seal pursuant to the Court's Order dated September 21, 2022 (ECF No. 6). The motion was granted by Order dated November 2, 2022 (ECF No. 16), and the Clerk of Court has been directed to issue the writ for service on BNY Mellon by the U.S. Marshal.

As garnishee of the blocked account at issue, BNY Mellon must be able to see Plaintiffs' motion to help it determine any position it may ultimately take in this action. The entity that owns the blocked funds – Prominvestbank, a customer of BNY Mellon's at the time of the block – may, once notified of this action, appear and seek to vacate the writ or otherwise contest a turnover of the account to Plaintiffs. Although BNY Mellon itself is a disinterested party with no property interest in the blocked account, it is exposed – as garnishees in its position typically are in judgment enforcement actions under the Terrorism Risk Insurance Act ("TRIA") – to the risk of liability if the account owner or some other interested party were to contend, upon a turnover of the account, that the account was not subject to execution under TRIA as a factual or

Honorable Therese Wiley Dancks
November 2, 2022
Page 2

legal matter.  BNY Mellon cannot assess that risk, or weigh in itself on whether the blocked account may be turned over to Plaintiffs under TRIA, without seeing the motion for a writ.  Its need to see the motion is that much greater in light of the size of the blocked account.

      As to timing, BNY Mellon requests that the motion be unsealed as to BNY Mellon as soon as the writ has been delivered by the Clerk of Court to the U.S. Marshal for eventual service on BNY Mellon.  I have conferred with and shown this letter to Plaintiffs' lead counsel, John Thornton, and Mr. Thornton has authorized me to represent that Plaintiffs do not object to unsealing the motion and related filings (e.g., the order granting the motion and issuing the writ), as to BNY Mellon only, at the time BNY Mellon requests.

      Respectfully,

      /s/ Steven B. Feigenbaum
      Steven B. Feigenbaum

cc:    Counsel of Record (by ECF)