UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOES 1 THROUGH 7                    Case No. 6:22-cv-00990 (DNH) (TWD)

          Judgment Creditors,

    -against-

THE TALIBAN, AL-QAEDA and
THE HAQQANI NETWORK,

          Judgment Debtors,

    -and-

THE BANK OF NEW YORK MELLON,

          Garnishee.
_____

GARNISHEE THE BANK OF NEW YORK
MELLON'S RESPONSE TO WRIT OF EXECUTION

      Garnishee The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Katsky

Korins LLP, for its response to the writ of execution dated November 2, 2022 and served on

November 3, 2022 (the "Writ," ECF No. 17), states as follows:

      1.      On November 10, 2022, the ECF court system filed a notice stating as follows:

"Answer due date updated:  Answer due for Garnishee The Bank of New York Mellon on or

before 11/13/2022. (gmd)."  Because no complaint has been filed in this proceeding, however,

there is no answer to a complaint to be filed.  BNY Mellon accordingly interprets the notice as

requiring a response to the Writ.

      2.      Plaintiffs moved for the Writ by *ex parte* motion filed on September 21, 2022, and

the Court granted that motion by Order dated November 1, 2022 and filed the next day (ECF No.

16).  The Writ covers a blocked account that BNY Mellon holds at its office in Oriskany, New York and that is the property of Prominvestbank, a Russian bank headquartered in Kyiv, Ukraine (the "Blocked Account").  The Blocked Account is a deposit account that Prominvestbank had actively maintained at BNY Mellon up to the time it was blocked.

3.      BNY Mellon blocked the Blocked Account on or about March 22, 2022 in accordance with certain sanctions regulations – 31 C.F.R. 587 (Russian Harmful Foreign Activities) and Executive Orders 13662 and 14024 – administered by the Office of Foreign Assets Control of the United States Treasury Department and applicable to the Russian Federation.  The Blocked Account, whose funds exceeded $40 million at the time of the block, remains subject to those sanctions.  The Writ, then, is not necessary to maintain the block on the Blocked Account, but it does bear directly on the question of whether the John Doe plaintiffs have priority vis-à-vis other judgment creditors who may also have a claim to the Blocked Account.

4.      The Writ does not, however, by itself permit or warrant a turnover of the funds in the Blocked Account to plaintiffs.  Before a turnover can be ordered, Prominvestbank must be given formal notice of this proceeding and have an opportunity to appear and, if it so chooses, move to vacate the Writ or otherwise oppose plaintiffs' expected motion for a turnover of the funds in the Blocked Account.  The Writ is based on plaintiffs' contention that Prominvestbank is an agency or instrumentality of the Taliban, against which plaintiffs have a judgment they seek to enforce, in part, by executing on the Blocked Account under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297 § 201(a) (codified as a note to 28 U.S.C. § 1610).  But the Writ was issued on an *ex parte* basis, and due process requires that plaintiffs serve their motion for the Writ on Prominvestbank – which would likely contest that it is an agency or instrumentality of

the Taliban – under the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") or by an alternative means of service, under Federal Rules of Civil Procedure 4(f)(2)(A) or 4(f)(3), that is authorized by the Court.

5.      BNY Mellon understands that, as of the time of this response, plaintiffs are in fact in the process of translating their motion for the Writ into Ukrainian and preparing to effect service on Prominvestbank under the Hague Convention.  Until service has been effected, and Prominvestbank has either defaulted or appeared and lost on the question of whether the Blocked Account is subject to execution under TRIA, the Blocked Account cannot be turned over to plaintiffs and will remain blocked at BNY Mellon.

Dated:      New York, New York
            November 14, 2022

                            KATSKY KORINS LLP

                            By:   s/Steven B. Feigenbaum
                                  Steven B. Feigenbaum
                            605 Third Avenue
                            New York, New York 10158
                            (212) 953-6000
                            sfeigenbaum@katskykorins.com
                            *Attorneys for Garnishee The Bank*
                            *of New York Mellon*

3