IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Judgment Creditors,*<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Judgment Debtors,*<br><br>v.<br><br>THE BANK OF NEW YORK<br>MELLON,<br><br>*Garnishee.* | Case Action No. 6:22-cv-00990-DNH-TWD |

## CREDITORS' MOTION TO EXTEND WRIT OF EXECUTION AND INCORPORATED MEMORANDUM OF LAW

Creditors, John Does 1 through 7, through undersigned counsel, hereby request an extension of a Writ of Execution served by Creditors, and in support thereof state:

1. Creditors hold a judgment for an act of terrorism against the Taliban, al Qaeda, and the Haqqani Network. They registered the judgment in this district for the primary purpose of satisfying it from blocked assets of agencies or instrumentalities of their terrorist judgment debtors pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107–297, 116 Stat. 2322. DE 1.

2. To that end, on September 21, 2022, Creditors filed an Emergency Motion for Writ of Execution concerning assets held by the Bank of New York Mellon ("BNYM"). DE 5. The requested Writ of Execution concerning assets held at BNYM was issued on November 2, 2022. DE 17.

1

3. The Writ of Execution was served on BNYM in Oriskany, New York, by a specially appointed process server on November 3, 2022. DE 23.

4. According to New York law:

> At the expiration of ninety days after a levy is made by service of the execution, or of such further time as the court, upon motion of the judgment creditor or support collection unit has provided, the levy shall be void except as to property or debts which have been transferred or paid to the sheriff or to the support collection unit or as to which a proceeding under sections 5225 or 5227 has been brought.

N.Y. C.P.L.R. § 5232.

5. Counting from the service date of November 3, 2022, the 90-day expiration provided for in C.P.L.R. 5232 would occur on February 1, 2023. The property at issue remains in a blocked account with the garnishee, has not been transferred the sheriff, and will not be transferred unless and until this court issues a turnover order pursuant to N.Y. C.P.L.R. §§ 5225 or 5227.

6. Creditors have diligently engaged in the process of serving the Taliban and Prominvestbank with notice of these proceedings, but do not anticipate that they will be in a position to file a motion for a turnover order prior to February 1, 2023.

7. Creditors hired a process server to serve the Taliban at the ARG Presidential Office in Kabul, Afghanistan with the Notice of Execution Proceedings (DE 28-1) in Pashto and the Notice to Judgment Debtor or Obligor of Notice of Application for Writ of Execution, Exemptions, and Right to Hearing (DE 18) pursuant to this Court's Order dated November 21, 2022 (DE 29). This service was accomplished by the process server on December 1, 2022. Creditors are awaiting the affidavit of service from the process server.

8. Regarding service on Prominvestbank, Creditors contracted for service of: 1) the Motion for Writ of Execution, along with the Memorandum of Law in support of the Motion for

Writ of Execution, the Expert Declaration of Brian Fonseca, and the Supplemental Declaration of John Thornton; 2) the Order granting the Motion for Writ; 3) the Writ of Execution; and 4) the Notice of Execution pursuant to Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters on Prominvestbank in Kyiv, Ukraine. Creditors do not know how long the process of service via the Hague Convention may take to complete, but understand it could take more than six additional weeks.

9. The right to extensions of writs of execution is well-recognized. *See Kennis v. Sherwood*, 82 A.D.2d 847, 848, 439 N.Y.S.2d 962, 965 (App. Div. 2nd Dept. 1981) ("The levy is effective only for 90 days from the date of service (extensions are available)."); *Clarkson Co. v. Shaheen*, 540 F. Supp. 636, 639 (S.D.N.Y. 1982) ("creditor either can seek an extension of the 90 day period or can commence a supplementary proceeding …"); *United States ex rel. Solera Constr. v. J.A. Jones Constr. Grp.*, No. CV 2003-1383 (SJF) (MDG), 2010 U.S. Dist. LEXIS 34065, at *18-19 (E.D.N.Y. Apr. 2, 2010) ("[b]efore expiration of the 90 day period of the levy, Solera/DCM could then have moved for an extension of the period or commenced a special proceeding …"). The circumstances here call for extension of the subject writ to protect Creditors' rights. There is no harm to extending the subject writ, as the assets at issue are blocked regardless of the writ.

**WHEREFORE,** Creditors respectfully request an Order granting an extension of the Writ of Execution until further Order from this Court.

    Respectfully submitted,

    s/*Orlando do Campo*
    Orlando do Campo
    do Campo & Thornton, P.A.
    150 S.E. 2nd Avenue, Ste. 602
    Miami, Florida 33131
    (305) 358-6600
    od@dandtlaw.com
    Bar Roll #703891

        John Thornton
        (admitted *pro hac vice*)
        do Campo & Thornton, P.A.
        150 S.E. 2nd Avenue, Ste. 602
        Miami, Florida 33131
        (305) 358-6600
        jt@dandtlaw.com

        Daniela Jaramillo
        (admitted *pro hac vice*)
        do Campo & Thornton, P.A.
        150 S.E. 2nd Avenue, Ste. 602
        Miami, Florida 33131
        (305) 358-6600
        dj@dandtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        s/ *Orlando do Campo*
        Orlando do Campo