# **EXHIBIT A**



Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

December 22, 2022

**By Email**

| | |
|---|---|
| Daniela Jaramillo | Steven B. Feigenbaum |
| John A. Thornton | Katsky Korins LLP |
| Orlando Do Campo | 605 Third Avenue, 16th Floor |
| do Campo & Thornton, P.A. | New York, NY 10158 |
| 150 S.E. Second Avenue - Suite 602 | 212-716-3278 |
| Miami, FL 33131 | Email: sfeigenbaum@katskykorins.com |
| 786-678-1218 | |
| Email: dj@dandtlaw.com | |
|        jt@dandtlaw.com | |
|        od@dandtlaw.com | |

Charles C. Spagnoli
Ferrara Fiorenza P.C.
5010 Campuswood Drive
East Syracuse, NY 13057
315-476-7300
Fax: 315-437-7744
Email: ccspagnoli@ferrarafirm.com

*Re:  John Doe #1, et al. v. The Taliban, et al. (6:22-cv-00990-DNH-TWD)*

Counsel:

We have been retained to represent The Deposit Guarantee Fund ("DGF"), as Liquidator of PJSC "Joint Stock Commercial Industrial and Investment Bank" (a/k/a Prominvestbank) in connection with the above-captioned proceeding.

We write to provide notice that DGF intends to move by order to show cause to intervene and to vacate the Court's order granting Judgment Creditors' *Ex-Parte* Motion for Writ of Execution (Doc. No. 16) and the writ of execution issued by the Court on November 2, 2022 (Doc. No. 17) against the blocked assets of Prominvestbank held by the Bank of New York Mellon in Oriskany, New York.  DGF expects to file its order to show cause by December 30, 2022.

We note that, as Judgment Creditors stated in their memorandum of law in support of their *Ex-Parte* Emergency Motion for Writ of Execution, "the final disposition of TRIA execution

proceedings pursuant to section 5225(b) is not *ex parte*, but rather occurs only after notice to the relevant parties as required by that section, including the owner of the account at issue, which has the opportunity to be heard on the question of whether it is an agency or instrumentality of a terrorist judgment debtor." Doc. No. 4-2 at 2. Further, Judgment Creditors stated that "after the service of the initial writ, Judgment Creditors will file a motion pursuant to N.Y. C.P.L.R. § 5225(b), and the owners of the assets will have opportunity to challenge the execution prior to being permanently deprived of their property (which is already restrained)." *Id.* at 17. It is our understanding that the writ of execution is not self-effectuating, as Judgment Creditors acknowledge, and write to confirm that the status quo will be maintained until the Court rules on DGF's forthcoming order to show cause.

Sincerely,

Dennis H. Tracey, III
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Tel.: 212-918-3000
Email: dennis.tracey@hoganlovells.com