## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOES 1 THROUGH 7, | |
| *Judgment Creditors*, | |
| v. | Case Action No. 6:22-cv-00990-DNH-TWD |
| THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK, | |
| *Judgment Debtors,* | |
| v. | |
| THE BANK OF NEW YORK MELLON, | |
| *Garnishee* | |

## DECLARATION OF DMYTRO KOSTIUKOV

I, Dmytro Kostiukov, hereby declare as follows on behalf of the Deposit Guarantee Fund ("DGF"):

1.      I am the deputy head of the damage recovery division of DGF.  DGF is the Liquidator of Prominvestbank pursuant to Ukrainian law, as set forth in further detail below.

2.      I understand that on November 2, 2022, the Court issued a writ of execution against the blocked assets of Prominvestbank held by the Bank of New York Mellon in Oriskany, New York based on its finding that Prominvestbank is an agency or instrumentality of the Taliban.

3.      I submit this declaration in support of Prominvestbank's motion by order to show cause to intervene and vacate the writ of execution against Prominvestbank.

4.      On February 25, 2022, the Board of the National Bank of Ukraine issued a decision (the "February 25 National Bank Decision") to, among other things: (1) revoke the banking license and liquidate Prominvestbank; (2) require the Banking Supervision Department and Licensing

1

Department to inform members of Prominvestbank about the decision and send the decision to DGF; and (3) entrust control over the implementation of the decision to the Deputy Chairman of the National Bank of Ukraine and the Director of the Banking Supervision Department. The February 25 National Bank Decision also states that as of January 1, 2022, the owner of 99.772644% of the shares of Prominvestbank was the State Development Corporation in VEB.RF ("VEB"). It further states that the shareholder and owner of 100% of the authorized capital (that is, the controller) of VEB is the Russian Federation, and that VEB was created by the Russian Federation on the basis of a special Federal Law "On Development Bank." Thus, as of January 1, 2022, Prominvestbank was indirectly owned and controlled through VEB by the Russian Federation. A true and correct copy and certified English translation of the February 25 National Bank Decision is attached hereto as Exhibit 1.

5.     Pursuant to the February 25 National Bank Decision, the Executive Directorate of the DGF issued a decision on February 25, 2022 (the "February 25 DGF Decision") to, among other things: (1) start the liquidation procedure for Prominvestbank; and (2) appoint as an authorized person of the DGF and delegate all powers of the liquidator of Prominvestbank to the leading bank liquidation professional of the Bank Liquidation Department, Artem Yuryevich Karachentsev, for a three year term beginning on February 25, 2022. A true and correct copy and certified English translation of the February 25 DGF Decision is attached hereto as Exhibit 2.

6.     On March 3, 2022, Ukrainian President Vladimir Zelensky signed a law passed by the Verkhovna Rada of Ukraine entitled "On the Basic Principles of Enforcement of Russian Federation Property Rights and Residents in Ukraine," a true and correct copy and certified English translation of which is attached hereto as Exhibit 3. The law provides, among other things, that the "decision to force the seizure in Ukraine of objects of property rights of the Russian Federation

and its residents is adopted by the National Security and Defense Council of Ukraine and implemented by the Decree of the President of Ukraine," and that the "[f]orcibly seized under this Law, property rights of the Russian Federation and its residents in the form of funds are transferred to the State Budget of Ukraine and directed to the fund for the elimination of the consequences of armed aggression" by the Russian Federation against Ukraine.

7.      The Law of Ukraine "On the deposit guarantee system for individuals" amended as of April 1, 2022, "establishes the legal, financial, and organizational principles for the functioning of the Deposit Guarantee System for Individuals, the authority of the Deposit Guarantee Fund for Individuals (hereinafter - the DGF), the procedure for payment by the Deposit Refund Fund, as well as the relations between the DGF, the banks, the National Bank of Ukraine, the authority and functions of the DGF to remove insolvent banks from the market and liquidate banks." A true and correct copy of the law, and a certified translation of the referenced portions of the law, is attached hereto as Exhibit 4 (the "DGF Law").

8.      The DGF Law establishes DGF's authority to act on behalf of Prominvestbank. Article 46 of the DGF Law states that "since the start of the bank liquidation procedure" which was initiated as to Prominvestbank pursuant to the February 25 DGF Decision, "all powers of the bank's management bodies (general meeting, supervisory board and board) and of the control bodies (inside audit committees) cease. If the bank being liquidated has a temporary administration, the bank's temporary administration is terminated from the date of the decision to revoke the banking license and liquidate the bank. Bank executives terminate their employment in connection with the bank's liquidation." Moreover, Article 48 expressly gives DGF authority to act on behalf of Prominvestbank from the beginning of the liquidation process: "DGF either directly or by delegating the authority to the authorized person of the DGF from the day of

commencement of the bank liquidation procedure, exercises the following powers: 1) exercise the powers of the bank's governing bodies; 2) takes possession of the bank's property (including funds), takes measures to ensure its preservation, forms a liquidation mass, performs management functions and sells the bank's property; 3) makes a register of accepted creditor claims (amends it) and takes measures to satisfy creditors' claims; 4) takes steps in accordance with the procedure established by law to recover the bank's receivables, debt of borrowers to the bank and search, detect, return (requirement) of the bank's property held by third parties, updates the information contained in the Loan Register of the National Bank of Ukraine; . . . 8) exercises the powers defined in Part Two of Article 37 and Article 38 of this Law; . . . 9) performs alienation of assets and / or liabilities of the bank if it was provided for by the settlement plan, or in other cases provided for by this Law."  Article 37 of the DGF Law, in turn, gives DGF the authority to "take any action and make decisions that belong to the authority of the governing bodies and the controlling bodies of the bank."  Article 48 also states that "DGF may exercise other powers which are necessary to complete the bank liquidation procedure."  Accordingly, from the beginning of the liquidation procedure of Prominvestbank (February 25, 2022), the management and control of Prominvestbank has been exercised by DGF, which has the legal power to act on behalf of Prominvestbank.  VEB has no control over Prominvestbank.

9.      The DGF Law also establishes DGF's interest in the property that is subject to the writ of execution in this action – namely, the assets of Prominvestbank.  Article 52 of the DGF Law states that "[f]unds obtained as a result of the liquidation and sale of the bank's property(s), investment of the bank's temporarily free funds in state securities shall be directed by the DGF to satisfy the creditors' requirements" in the priority set forth in Article 52.  Thus, DGF has an interest in the assets of Prominvestbank because it is responsible for liquidating Prominvestbank and

distributing its assets in satisfaction of creditor claims in accordance with Ukrainian law. Further, it is crucial for DGF to carry out its liquidation responsibilities efficiently so that any funds remaining in Prominvestbank following the satisfaction of creditor claims may be used by Ukraine to combat Russian aggression. It is essential to these purposes that DGF take steps to prevent any improper use of the funds in the Bank of New York Mellon account and to return the funds to Ukraine to be used for proper purposes under the DGF Law.

10.     On May 11, 2022, the National Security and Defense Council of Ukraine issued a decision entitled "On Enforcement of Russian Federation Property Rights and Residents in Ukraine" (the "May 11 Decision") compelling the seizure of certain "objects of property of the Russian Federation and its residents," including VEB's 99.77% ownership interest in Prominvestbank. The May 11 Decision was enacted by the Decree of the President of Ukraine dated May 11, 2022 (No. 326/2022). It tasked "[t]he Cabinet of Ministers of Ukraine, the Deposit Guarantee Fund for Individuals with the participation of the National Bank of Ukraine to ensure the enforcement seizure of the property rights specified in this decision of the Russian Federation and its residents within ten days from the date of publication of the Decree of the President of Ukraine on the implementation of this decision." A true and correct copy and certified English translation of the May 11 Decision is attached hereto as Exhibit 5.

11.     Although the seizure of assets was supposed to be effectuated within ten days of the May 11 Decision, due to administrative and/or logistical issues with respect to establishing the necessary account to effectuate the transfer of confiscated assets, the seizure of assets did not take place at that time. Instead, on September 13, 2022, the Cabinet of Ministers of Ukraine issued Order No. 815-r directing the seizure of the stock of Prominvestbank by means of transferring VEB's 99.77% ownership interest to the National Investment Fund of Ukraine, a Ukrainian state

enterprise (the "September 13 Order").  The September 13 Order instructs how Prominvestbank's assets are to be used by the Ukrainian government.  For example, amongst other things, the September 13 Order provided that the National Bank take all necessary actions to credit securities and domestic government bonds forcibly seized and withdrawn pursuant to the May 11 Decision to the relevant accounts of the Ministry of Finance.  A true and correct copy and certified English translation of the September 13 Decision is attached hereto as Exhibit 6.

12.     Thus, as of the date the Judgment Creditors in the above-captioned proceeding applied for a writ of execution (September 20, 2022), VEB had no control over or access to the assets of Prominvestbank, and Ukraine law no longer recognized VEB as having any ownership interests in Prominvestbank. Ukraine law instead recognized Prominvestbank as owned by the National Investment Fund of Ukraine as a result of Ukraine's lawful seizure of Russian assets, including those held by Prominvestbank, as part of a broader campaign of resistance to Russian aggression.  Indeed, Ukraine Business News reported on May 13, 2022 – several months before the Judgment Creditors applied for a writ of execution – that Ukraine had nationalized Prominvestbank.  A true and correct copy of the aforementioned publication is attached hereto as Exhibit 7.

13.     A true and correct copy and apostilled English translation of the December 15, 2022 Statement of the Securities Account Status is attached hereto as Exhibit 8.  This document provides official confirmation from the Head of the Depository Department of the Treasury and Investment Services Department of Ukraine that the National Investment Fund of Ukraine owns 99.77% of the ownership interests of Prominvestbank.

14.     A true and correct copy and apostilled English translation of an extract from the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Organizations

regarding Prominvestbank as of December 20, 2022 is attached hereto as Exhibit 9.  It states on page 3 of the document: "There is  no Ultimate Beneficial Owner" of Prominvestbank, and that "[t]he reason for the absence is that 99.7726 percent of the shares of [Prominvestbank] belong to the State of Ukraine in the form of the State Enterprise 'National Investment Fund of Ukraine' and there are no other natural persons who meet the status of the Ultimate Beneficial Owner."  This document provides official confirmation from a Ukrainian government-operated registry of the ownership of Prominvestbank.

15.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _____, Ukraine on 28 December 2022.

_____
Dmytro Kostiukov