# **EXHIBIT 3**



# ЗАКОН УКРАЇНИ

## Про основні засади примусового вилучення в Україні об'єктів права власності Російської Федерації та її резидентів

{Із змінами, внесеними згідно із Законами
№ 2247-IX від 12.05.2022
№ 2468-IX від 28.07.2022
№ 2700-IX від 19.10.2022}

З метою захисту суверенітету і територіальної цілісності України, національних інтересів, національної безпеки, забезпечення її економічної самостійності, прав, свобод та законних інтересів громадян України, суспільства та держави,

враховуючи повномасштабну агресивну війну, яку Російська Федерація розв'язала і веде проти України та Українського народу з порушенням норм міжнародного права, вчиняючи злочини проти людства,

виходячи з положень Конституції України, Декларації про державний суверенітет України та загальновизнаних міжнародних норм і правил, зокрема щодо суверенного права України на захист,

враховуючи Указ Президента України "Про введення воєнного стану в Україні" від 24 лютого 2022 року № 64/2022, затверджений Законом України "Про затвердження Указу Президента України "Про введення воєнного стану в Україні" від 24 лютого 2022 року № 2102-IX,

з урахуванням потреби невідкладного та ефективного реагування на наявні загрози національним інтересам України,

враховуючи положення IV Гаазької конвенції про закони і звичаї війни на суходолі та додатка до неї: Положення про закони і звичаї війни на суходолі від 18 жовтня 1907 року,

Верховна Рада України прийняла цей Закон, який визначає правові засади примусового вилучення з мотивів суспільної необхідності (включаючи випадки, за яких це настійно вимагається військовою необхідністю) об'єктів права власності Російської Федерації як держави, яка почала повномасштабну війну проти України, та її резидентів.

## I. ОСНОВНІ ПОЛОЖЕННЯ

**Стаття 1.** Визначення термінів

1. Для цілей цього Закону терміни вживаються в такому значенні:

Російська Федерація - держава, яка рішенням Верховної Ради України відповідно до Резолюції Генеральної Асамблеї ООН 3314 "Визначення агресії" від 14 грудня 1974 року визнана державою-агресором і здійснює збройну агресію проти України;

резиденти - юридичні особи (їх філії, представництва), що здійснюють свою діяльність відповідно до законодавства України на території України, засновником (учасником, акціонером) або бенефіціаром яких прямо або опосередковано є Російська Федерація та/або у яких Російська Федерація прямо або опосередковано чи юридичні особи, засновником (учасником, акціонером) або бенефіціаром яких є Російська Федерація та/або у яких Російська Федерація прямо або опосередковано має частку у статутному (складеному) капіталі, акції, паї, інше членство (участь у будь-якій формі) у юридичній особі;

примусове вилучення в Україні об'єктів права власності Російської Федерації та її резидентів - примусове вилучення об'єктів права власності Російської Федерації та об'єктів права власності її резидентів з мотивів суспільної необхідності (включаючи випадки, за яких це настійно вимагається військовою необхідністю) на користь держави Україна на підставі і в порядку, встановлених цим Законом;

об'єкти права власності Російської Федерації та її резидентів - рухоме і нерухоме майно, кошти, вклади у банках, цінні папери, корпоративні права, інше майно (активи), що знаходяться (зареєстровані) на території України та безпосередньо або через афілійованих осіб належать Російській Федерації та її резидентам.

**Стаття 2.** Принципи примусового вилучення в Україні об'єктів права власності Російської Федерації та її резидентів

1. Проведення примусового вилучення в Україні об'єктів права власності Російської Федерації та її резидентів здійснюється з мотивів суспільної необхідності (включаючи випадки, за яких це настійно вимагається військовою необхідністю) та ґрунтується на принципах законності, прозорості, об'єктивності, відповідності меті, стратегічної важливості та ефективності.

2. Примусове вилучення в Україні об'єктів права власності Російської Федерації та її резидентів здійснюється без будь-якої компенсації (відшкодування) їх вартості, враховуючи повномасштабну агресивну війну, яку Російська Федерація розв'язала і веде проти України та Українського народу.

**Стаття 3.** Підстави та порядок примусового вилучення в Україні об'єктів права власності Російської Федерації та її резидентів

1. Рішення про примусове вилучення в Україні об'єктів права власності Російської Федерації та її резидентів приймається Радою національної безпеки і оборони України та вводиться в дію указом Президента України.

2. Проект рішення про примусове вилучення в Україні об'єктів права власності російської Федерації та її резидентів до Ради національної безпеки і оборони України вноситься Кабінетом Міністрів України.

3. Проект рішення повинен містити:

перелік об'єктів права власності Російської Федерації та її резидентів, що підлягають примусовому вилученню;

ідентифікацію (місцезнаходження, реєстрацію тощо) об'єктів права власності Російської Федерації та її резидентів;

найменування осіб, об'єкти права власності яких підлягають примусовому вилученню;

строки проведення примусового вилучення кожного об'єкта;

інші положення, визначені цим Законом.

4. Не пізніше як у шестимісячний строк після скасування чи завершення воєнного стану в Україні указ Президента України, яким введено в дію рішення Ради національної безпеки і оборони України про примусове вилучення в Україні об'єктів права власності Російської Федерації та її резидентів, підлягає затвердженню Верховною Радою України шляхом прийняття відповідного закону.

**Стаття 4.** Правовий режим примусово вилучених в Україні об'єктів права власності Російської Федерації та її резидентів

1. Примусово вилучені відповідно до цього Закону об'єкти права власності Російської Федерації та її резидентів (крім коштів та корпоративних прав держави у статутних капіталах банків, що перебувають у процедурі ліквідації відповідно до Закону України "Про систему гарантування вкладів фізичних осіб", а також державних облігацій України та державних деривативів) за рішенням Кабінету Міністрів України передаються:

1) у господарське відання на тимчасовій основі спеціалізованим державним підприємствам, установам, організаціям та/або господарським товариствам, у статутному капіталі яких більше 50 відсотків акцій (часток) належать державі;

2) в управління суб'єктам господарювання, 50 і більше відсотків акцій (часток) яких належать державі, шляхом укладення договору управління майном у порядку, визначеному Кабінетом Міністрів України.

Примусово вилучені відповідно до цього Закону об'єкти права власності Російської Федерації та її резидентів у вигляді коштів зараховуються до Державного бюджету України та спрямовуються до фонду ліквідації наслідків збройної агресії.

Примусово вилучені відповідно до цього Закону об'єкти права власності Російської Федерації та її резидентів у вигляді державних облігацій України та державних деривативів підлягають переказу/зарахуванню на рахунок у цінних паперах Міністерства фінансів України для подальшого погашення та анулювання. Кошти від погашених та анульованих державних облігацій України та державних деривативів, а також нараховані як дохід за державними облігаціями України та державними деривативами до моменту їх погашення та анулювання, перераховуються до Державного бюджету України та спрямовуються до фонду ліквідації наслідків збройної агресії.

*{Частина перша статті 4 в редакції Закону № 2700-IX від 19.10.2022}*

*{Частину другу статті 4 виключено на підставі Закону № 2700-IX від 19.10.2022}*

3. Ухвалення судових рішень про забезпечення позову не зупиняє дії рішення органу державної влади, пов'язаного з примусовим вилученням в Україні об'єктів права власності Російської Федерації та її резидентів, та не є підставою для зупинення процесу реєстрації речових прав.

4. Об'єкти права власності Російської Федерації та її резидентів, реєстрація права власності на які не вимагається відповідно до закону, переходять у власність держави з дня введення в дію указом Президента України рішення Ради національної безпеки і оборони України про примусове вилучення в Україні об'єктів права власності Російської Федерації та її резидентів.

5. Борги державних підприємств, установ та організацій України та/або господарських товариств, у статутному капіталі яких більше 50 відсотків акцій (часток) належать державі, права вимоги яких були примусово вилучені відповідно до цього Закону як об'єкти права власності Російської Федерації та її резидентів, вважаються погашеними з дня набрання чинності законом України, яким затверджено указ Президента України про введення в дію рішення Ради національної безпеки і оборони України про примусове вилучення відповідних об'єктів права власності Російської Федерації та її резидентів.

6. Об'єкти права власності Російської Федерації та її резидентів, передані відповідно до **частини першої** цієї статті, підлягають подальшому продажу у порядку, визначеному Кабінетом Міністрів України. Кошти, отримані від такого продажу, зараховуються до Державного бюджету України та спрямовуються до фонду ліквідації наслідків збройної агресії.

*{Статтю 4 доповнено частиною шостою згідно із Законом № 2700-IX від 19.10.2022}*

*{Стаття 4 із змінами, внесеними згідно із Законом № 2247-IX від 12.05.2022; в редакції Закону № 2468-IX від 28.07.2022}*

II. ПРИКІНЦЕВІ ПОЛОЖЕННЯ

1. Цей Закон набирає чинності з дня, наступного за днем його опублікування.

2. Цей Закон не виключає і не обмежує прав держави Україна вимагати відповідно до норм міжнародного права притягнення до відповідальності держави Російська Федерація, у тому числі вимагати відшкодування (компенсації) шкоди, заподіяної внаслідок повномасштабної агресивної війни, яку Російська Федерація розв'язала і веде проти України та Українського народу з порушенням норм міжнародного права, вчиняючи злочини проти людства.

**Президент України**                                                                **В. ЗЕЛЕНСЬКИЙ**

**м. Київ**
**3 березня 2022 року**
**№ 2116-IX**

23.12.2022, 09:26
Case 6:22-cv-00990-DNH-TWD Document 35-7 Filed 12/30/22 Page 5 of 10
Про основні засади примусового вилучення в Україні об'єктів права... | від 03.03.2022 № 2116-IX (Текст для друку)

## Публікації документа

- **Голос України** від 06.03.2022 — № 47
- **Урядовий кур'єр** від 12.03.2022 — № 55
- **Офіційний вісник України** від 29.04.2022 — 2022 р., № 33, стор. 24, стаття 1720, код акта 110927/2022





# LAW OF UKRAINE

## On the Basic Principles of Enforcement of Russian Federation Property Rights and Residents in Ukraine

{As amended by Laws
No. 2247-IX dated 12/05/2022
No. 2468-IX dated 28/07/2022
No. 2700-IX dated 19/10/2022}

In order to protect the sovereignty and territorial integrity of Ukraine, national interests, national security, ensuring its economic independence, rights, freedoms and legitimate interests of citizens of Ukraine, society and state,

taking into account the full-scale aggressive war that the Russian Federation has settled and pursues against Ukraine and the Ukrainian people in violation of international law rules, committing crimes against humanity,

on the basis of the provisions of the Constitution of Ukraine, the Declaration on the State Sovereignty of Ukraine and generally recognized international rules and regulations, in particular with regard to the sovereign law of Ukraine for protection,

taking into account the Decree of the President of Ukraine "On Implementation of Military Status in Ukraine" No. 64/2022 dated 24 February 2022, approved by the Law of Ukraine "On Approval of the Decree of the President of Ukraine "On Implementation of Military Status in Ukraine" dated 24 February 2022 No. 2102-IX,

taking into account the need for immediate and effective response to existing threats to the national interests of Ukraine,

taking into account the provisions of the Hague Convention on the Laws and custom of war on the land and its annex: Regulations on the laws and customs of the land war dated 18 October 1907,

the Verkhovna Rada of Ukraine adopted this Law, which defines the legal principles of forced seizure on reasons of public necessity (including cases in which this is strongly required by military necessity) of property rights of property of the Russian Federation as a state which has commenced a full-scale war against Ukraine and its residents.

I. KEY POSITIONS

**Article 1.** Terms and Definitions

1. For the purposes of this Law, terms have the following meanings:

Russian Federation - a state that by the decision of the Verkhovna Rada of Ukraine in accordance with resolution of the United Nations General Assembly 3314 "Definition of Aggression" dated 14 December 1974 was deemed an aggressor state and conducts armed aggression against Ukraine;

Residents - legal entities (their affiliates, representative offices), that carry out their activities in accordance with the legislation of Ukraine on the territory of Ukraine, Founder (member, shareholder) or beneficiary of which is directly or indirectly the Russian Federation and/or in which the Russian Federation is directly or indirectly or legal entities, Founder (member, shareholder) or beneficiary of which is the Russian Federation and/or in which the Russian Federation has a direct or indirect interest in the statutory (deposited) capital, shares, simmering, other membership (participation in any form) with an entity;

Forced seizure in Ukraine of property rights of the Russian Federation and its residents - forced seizure of property rights of the Russian Federation and property rights of its residents on reasons of public necessity (including cases where this is strongly required by military necessity) in favor of the State of Ukraine on the basis and in the manner prescribed by this Law;

Property of ownership of the Russian Federation and its residents - movable and immovable property, funds, deposits in banks, securities, corporate rights, other property (assets) located (registered) in the territory of Ukraine and directly or through affiliates belong to the Russian Federation and its residents.

**Article 2.** Principles of forced seizure in Ukraine of property rights of the Russian Federation and its residents

1. Forceful seizure in Ukraine of property rights of the Russian Federation and its residents is carried out on grounds of public necessity (including cases where this is strongly required by military necessity) and is based on principles of legality, transparency, objectivity, compliance with the objective, strategic importance and efficiency.

2. The forced seizure in Ukraine of property rights of the Russian Federation and its residents is carried out without any compensation (reimbursement) of their value, taking into account the full-scale aggressive war that the Russian Federation has settled and leads against Ukraine and the Ukrainian people.

**Article 3.** Grounds and Procedure for Enforcement of the Objects of Ownership of the Russian Federation and its Residents in Ukraine

1. The decision to force the seizure in Ukraine of property rights of the Russian Federation and its residents is adopted by the National Security and Defense Council of Ukraine and is implemented by the Decree of the President of Ukraine.

2. The draft decision on the enforcement of property right of ownership in Ukraine of the Russian Federation and its residents on the National Security and Defense Council of Ukraine is introduced by the Cabinet of Ministers of Ukraine.

3. The draft decision shall contain:

List of property rights of the Russian Federation and its residents subject to forced removal;

Identification (location, registration, etc.) of property ownership of the Russian Federation and its residents;

Name of persons whose property rights are subject to enforcement removal;

Term of enforcement of each object;

Other provisions defined by this Law.

4. Not later than in six months after the termination or completion of military status in Ukraine, the Decree of the President of Ukraine, which implements the decision of the National Security and Defense Council of Ukraine on the forced seizure of property rights of the Russian Federation and its residents in Ukraine, shall be subject to the approval of the Verkhovna Rada of Ukraine by adopting the relevant law.

**Article 4.** Legal regime for enforcement of property rights of the Russian Federation and its residents in Ukraine

1. Forcibly seized under this Law the property rights of the Russian Federation and its residents (except for funds and corporate rights of the State in the authorized capitals of banks, which are in the liquidation procedure under the Law of Ukraine "On the System of Guaranteeing Deposits of Individuals", as well as state bonds of Ukraine and state derivatives) are transferred by the Cabinet of Ministers of Ukraine:

1) On a temporary basis to specialized state enterprises, institutions, organizations and/or business entities, in which more than 50 percent of shares (shares) are owned by the state;

2) In the management of business entities, 50 or more percent of the shares (shares) of which are owned by the state, by entering into a property management agreement in the manner prescribed by the Cabinet of Ministers of Ukraine.

Forcibly seized under this Law, property rights of the Russian Federation and its residents in the form of funds are transferred to the State Budget of Ukraine and directed to the fund of the consequences of armed aggression.

Forcibly seized under this Law the property rights of the Russian Federation and its residents in the form of state bonds of Ukraine and state derivatives are subject to transfer/receipt to the account in securities of the Ministry of Finance of Ukraine for further repayment and annulment. The funds from the repaid and cancelled state bonds of Ukraine and state derivatives, as well as accrued as income on Ukrainian state bonds and state derivatives until the moment of their repayment and annulment, are transferred to the State Budget of Ukraine and are directed to the liquidation fund of the consequences of armed aggression.

*{Part one of Article 4 as amended by Law No. 2700-IX of 19/10/2022}*

*{Part two of Article 4 is excluded by Law No. 2700-IX of 19/10/2022}*

3. The adoption of court decisions on injunctions does not stop the actions of the state authority related to enforcement seizure in Ukraine of property rights of the Russian Federation and its residents, and is not grounds for halting the process of registration of property rights.

4. Objects of ownership of the Russian Federation and its residents, which are not required by law to be registered, shall be transferred to the State's property from the date of introduction of the Decree of the President of Ukraine of the Council of National Security and Defense of Ukraine on the forced seizure of property rights of the Russian Federation and its residents in Ukraine.

5. Debts from state-owned enterprises, of institutions and organizations of Ukraine and/or business societies, in the authorized capital of which more than 50 percent of the shares (shares) are owned by the state, the rights of claim whereof have been enforced under this Law as property rights of the Russian Federation and its residents, are deemed to have been repaid from the effective date of Ukrainian law, which approved the Decree of the President of Ukraine on the implementation of the decision of the National Security and Defense Council of Ukraine on the enforcement of the relevant property of ownership of the Russian Federation and its residents.

6. Objects of ownership of the Russian Federation and its residents transferred pursuant to part one of this article shall be subject to further sale in the manner prescribed by the Cabinet of Ministers of Ukraine. Funds received from such sales are credited to the Ukrainian State Budget and directed to the fund of the consequences of armed aggression

*{Article 4 is supplemented by part six in accordance with Law No. 2700-IX dated 19/10/2022}*

*{Article 4 as amended by Law No. 2247-IX dated 12/05/2022; as amended by Law No. 2468-IX dated 28/07/2022}*

II. FINAL PROVISIONS

23/12/2022, 9:26 a.m.
Case 6:22-cv-00990-DNH-TWD   Document 35-7   Filed 12/30/22   Page 8 of 10
On the Basic Principles of Enforcement... | dated 03/03/2022 No. 2116-IX (Printing Text)

1. This Law shall come into force from the day following its publication.

2. This Law does not exclude or limit the rights of the State of Ukraine to require, in accordance with the regulations of the international law, the Russian Federation to prosecute the State, including to seek reimbursement (compensation) for damage caused as a result of the full-scale aggressive war that the Russian Federation has settled and leads against Ukraine and the Ukrainian People in violation of the norms of international law, committing crimes against humanity.

**President of Ukraine**                                                                                                          **V. ZELENSKYI**

**Kyiv
3 March 2022
No. 2116-IX**

# Document Publications

- **Voice of Ukraine** dated 06/03/2022 – No. 47
- **Government Courier** dated 12/03/2022 – No. 55
- **Official Gazette of Ukraine** dated 29/04/2022 - 2022, No. 33, page 24, Article 1720, Act code 110927/2022





STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATION

I, Jacqueline Yorke, as an employee of TransPerfect Translations, Inc., do hereby certify, to the best of my knowledge and belief, that the provided Ukrainian into English translation(s) of the source document(s) listed below are true and accurate:

- 03_2022.03.03 Law authorizing seizure of Russian property (UKR)

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

_____
Jacqueline Yorke, Project Manager

Sworn to before me this
Thursday, December 29, 2022

_____
Signature, Notary Public

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE