# Exhibit B



# КОДЕКС АДМІНІСТРАТИВНОГО СУДОЧИНСТВА УКРАЇНИ

**(Відомості Верховної Ради України (ВВР), 2005, № 35-36, № 37, ст.446)**

{Із змінами, внесеними згідно із Законами
№ 2875-IV від 08.09.2005, ВВР, 2005, № 52, ст.562
№ 2953-IV від 06.10.2005, ВВР, 2006, № 1, ст.16
№ 3099-IV від 17.11.2005, ВВР, 2005, № 52, ст.566
№ 3538-IV від 15.03.2006, ВВР, 2006, № 35, ст.295
№ 3550-IV від 16.03.2006, ВВР, 2006, № 35, ст.297
№ 160-V від 20.09.2006, ВВР, 2006, № 45, ст.436
№ 424-V від 01.12.2006, ВВР, 2007, № 9, ст.67}

{Щодо визнання конституційними окремих положень див. Рішення Конституційного Суду
№ 8-рп/2008 від 22.04.2008}

{Із змінами, внесеними згідно із Законами
№ 808-VI від 25.12.2008, ВВР, 2009, № 19, ст.262
№ 1475-VI від 05.06.2009, ВВР, 2009, № 45, ст.683
№ 1545-VI від 23.06.2009, ВВР, 2009, № 49, ст.736
№ 1616-VI від 21.08.2009, ВВР, 2009, № 50, ст.754}

{Щодо визнання конституційними окремих положень див. Рішення Конституційного Суду
№ 26-рп/2009 від 19.10.2009}

{Щодо визнання неконституційними окремих положень див. Рішення Конституційного Суду
№ 26-рп/2009 від 19.10.2009}

{Із змінами, внесеними згідно із Законами
№ 1559-VI від 17.11.2009, ВВР, 2010, № 1, ст.2
№ 1699-VI від 04.11.2009, ВВР, 2010, № 4, ст.35
№ 1837-VI від 21.01.2010, ВВР, 2010, № 12, ст.120
№ 1691-VI від 18.02.2010, ВВР, 2010, № 19, ст.154
№ 1876-VI від 11.02.2010, ВВР, 2010, № 18, ст.139
№ 1901-VI від 16.02.2010, ВВР, 2010, № 19, ст.152}

{Офіційне тлумачення до Кодексу див. в Рішенні Конституційного Суду
№ 10-рп/2010 від 01.04.2010}

{Із змінами, внесеними згідно із Законами
№ 2181-VI від 13.05.2010, ВВР, 2010, № 26, ст.272
№ 2289-VI від 01.06.2010, ВВР, 2010, № 33, ст.471
№ 2453-VI від 07.07.2010, ВВР, 2010, № 41-42, № 43, № 44-45, ст.529
№ 2487-VI від 10.07.2010, ВВР, 2010, № 35-36, ст.491}

{Додатково див. Рішення Конституційного Суду
№ 19-рп/2010 від 09.09.2010}

{Із змінами, внесеними згідно із Законами
№ 2677-VI від 04.11.2010, ВВР, 2011, № 19-20, ст.142
№ 2748-VI від 02.12.2010, ВВР, 2011, № 18, ст.124
№ 2756-VI від 02.12.2010, ВВР, 2011, № 23, ст.160
№ 3156-VI від 17.03.2011, ВВР, 2011, № 39, ст.396
№ 3266-VI від 21.04.2011, ВВР, 2011, № 43, ст.449
№ 3422-VI від 19.05.2011, ВВР, 2011, № 50, ст.541}

{Щодо визнання конституційними окремих положень див. Рішення Конституційного Суду
№ 5-рп/2011 від 16.06.2011}

{Із змінами, внесеними згідно із Законом
№ 3568-VI від 05.07.2011, ВВР, 2012, № 5, ст.37
Кодексом
№ 3393-VI від 19.05.2011, ВВР, 2011, № 48-49, ст.536
Законами
№ 3674-VI від 08.07.2011, ВВР, 2012, № 14, ст.87
№ 3719-VI від 08.09.2011, ВВР, 2012, № 19-20, ст.169
№ 3773-VI від 22.09.2011, ВВР, 2012, № 19-20, ст.179
№ 3796-VI від 22.09.2011, ВВР, 2012, № 21, ст.198

**Стаття 266[1].** Особливості провадження у справах щодо оскарження індивідуальних актів Національного банку України, Фонду гарантування вкладів фізичних осіб, Міністерства фінансів України, Національної комісії з цінних паперів та фондового ринку та рішень Кабінету Міністрів України стосовно виведення банків з ринку

1. Правила цієї статті поширюються на розгляд адміністративних справ щодо:

1) законності індивідуальних актів Національного банку України про віднесення банку до категорії неплатоспроможних, про відкликання у банку банківської ліцензії та ліквідацію банку, про затвердження пропозиції Національного банку України про участь держави у виведенні неплатоспроможного банку з ринку;

2) законності індивідуальних актів Фонду гарантування вкладів фізичних осіб про запровадження тимчасової адміністрації у банку, про початок процедури ліквідації банку, про затвердження плану врегулювання та будь-яких інших індивідуальних актів, прийнятих на його виконання, а також індивідуальних актів щодо призначення уповноважених осіб Фонду гарантування вкладів фізичних осіб, делегування їм повноважень;

3) законності рішень Кабінету Міністрів України про участь держави у виведенні неплатоспроможного банку з ринку;

4) законності індивідуальних актів Міністерства фінансів України, прийнятих на виконання рішень Кабінету Міністрів України про участь держави у виведенні неплатоспроможного банку з ринку;

5) законності індивідуальних актів Національної комісії з цінних паперів та фондового ринку, прийнятих у процесі виведення неплатоспроможного банку з ринку.

2. Позовна заява про оскарження індивідуального акта/рішення подається до суду протягом трьох місяців з дня оприлюднення такого акта/рішення в порядку, визначеному законом. Зазначений строк є граничним і поновленню не підлягає.

3. Подання позовної заяви, а також відкриття провадження в адміністративній справі не зупиняють дію оскаржуваного індивідуального акта/рішення.

4. Адміністративні справи, визначені частиною першою цієї статті, розглядаються у порядку загального позовного провадження.

5. Під час розгляду адміністративних справ, визначених частиною першою цієї статті, суд перевіряє, чи прийнятий індивідуальний акт або рішення на підставі, у межах повноважень та у спосіб, що передбачені Конституцією та законами України, які визначають повноваження Національного банку України, Фонду гарантування вкладів фізичних осіб, Національної комісії з цінних паперів та фондового ринку, Кабінету Міністрів України та Міністерства фінансів України.

6. Під час розгляду адміністративних справ, визначених частиною першою цієї статті, суд використовує як підставу для власної оцінки та покладається на кількісні, якісні оцінки та висновки, зроблені Національним банком України, Фондом гарантування вкладів фізичних осіб, Кабінетом Міністрів України, Міністерством фінансів України, Національною комісією з цінних паперів та фондового ринку, на підставі яких були прийняті відповідні рішення, крім випадків, якщо:

1) оскаржуване рішення/акт прийнято з істотним порушенням встановленого порядку його прийняття (порушення, яке істотно вплинуло на результат оцінки);

2) кількісні, якісні оцінки та висновки ґрунтуються на очевидно помилкових відомостях та/або не враховують суттєвих обставин (фактів), за умови врахування яких оскаржуване рішення/акт не могло бути прийнято;

3) наявні очевидні розбіжності та/або логічні суперечності між кількісними, якісними оцінками та/або висновками;

4) оскаржуване рішення/акт прийнято за відсутності повноважень або з використанням повноважень всупереч меті, з якою вони надані законом.

7. Суд за результатами розгляду адміністративних справ, визначених частиною першою цієї статті, може прийняти рішення про:

1) визнання протиправним (незаконним) та скасування індивідуального акта/рішення, визначеного частиною першої цієї статті, або окремих його положень;

2) стягнення з відповідача (відповідачів) коштів на відшкодування шкоди, заподіяної його протиправним (незаконним) індивідуальним актом/рішенням, якщо така вимога заявлена позивачем одночасно з вимогою про визнання протиправним (незаконним) та скасування індивідуального акта/рішення;

3) відмову в задоволенні позовних вимог (повністю або частково).

8. Особливості визначення розміру шкоди, заподіяної протиправними (незаконними) індивідуальними актами/рішеннями, зазначеними у частині першій цієї статті, встановлюються Законом України "Про банки і банківську діяльність".

9. Визнання протиправним (незаконним) та скасування індивідуального акта/рішення, визначеного частиною першою цієї статті, або окремих його положень:

1) не відновлює того становища банку, яке існувало до прийняття такого акта/рішення, включаючи правовий статус цього банку, та не відновлює становища/прав осіб, які були учасниками банку на момент прийняття такого акта/рішення;

2) не може бути підставою для визнання недійсними, нечинними, протиправними та скасування будь-яких рішень, правочинів або інших дій/визнання протиправною бездіяльності, прийнятих, вчинених або допущених у процедурі виведення неплатоспроможного банку з ринку/ліквідації банку;

3) не породжує будь-яких прав осіб, які були учасниками банку на момент прийняття такого індивідуального акта/рішення, крім права на відшкодування заподіяної шкоди.

10. Суд не може прийняти будь-яке інше рішення, що може мати наслідком зупинення/ припинення розпочатої процедури виведення неплатоспроможного банку з ринку та/або ліквідації банку.

*{Кодекс доповнено статтею 266[1] згідно із Законом № 590-IX від 13.05.2020}*

[emblem]

# CODE OF ADMINISTRATIVE JUDICIAL PROCEDURE OF UKRAINE

**(Bulletin of the Verkhovna Rada of Ukraine (BVR), 2005, No. 35-36, No. 37, Article 446)**

{As amended by Laws
No. 2875-IV dated 09/08/2005, BVR, 2005, No. 52, Article 562
No. 2953-IV dated 10/06/2005, BVR, 2006, No. 1, Article 16
No. 3099-IV dated 11/17/2005, BVR, 2005, No. 52, Article 566
No. 3538-IV dated 03/15/2006, BVR, 2006, No. 35, Article 295
No. 3550-IV dated 03/16/2006, BVR, 2006, No. 35 Article 297
No. 160-V dated 09/20/2006, BVR, 2006, No. 45, Art. 436
No. 424-V dated 12/01/2006, BVR, 2007, No. 9, Article 67}

{Regarding recognition of certain provisions as constitutional, see Decision of the Constitutional Court
No. 8-rp/2008 dated 04/22/2008}

{As amended by Laws
No. 808-VI dated 12/25/2008, BVR, 2009, No. 19, Article 262
No. 1475-VI dated 06/05/2009, BVR, 2009, No. 45, Article 683
No. 1545-VI dated 06/23/2009, BVR, 2009, No. 49, Article 736
No. 1616-VI dated 08/21/2009, BVR, 2009, No. 50, Article 754}

{Regarding recognition of certain provisions as constitutional, see Decision of the Constitutional Court
No. 26-rp/2009 dated 10/19/2009}

{Regarding recognition of certain provisions as unconstitutional, see Decision of the Constitutional Court No. 26-rp/2009 dated 10/19/2009}

{As amended by Laws
No. 1559-VI dated 11/17/2009, BVR, 2010, No. 1, Article 2
No. 1699-VI dated 11/04/2009, BVR, 2010, No. 4, Article 35
No. 1837-VI dated 01/21/2010, BVR, 2010, No. 12, Article 120
No. 1691-VI dated 02/18/2010, BVR, 2010, No. 19, Article 154
No. 1876-VI dated 02/11/2010, BVR, 2010, No. 18 Article 139
No. 1901-VI dated 02/16/2010, BVR, 2010, No. 19, Article 152}

{For the official interpretation of the Code, see Decision of the Constitutional Court
No. 10-rp/2010 dated 04/01/2010}

{As amended by Laws
No. 2181-VI dated 05/13/2010, BVR, 2010, No. 26, Article 272
No. 2289-VI dated 06/01/2010, BVR, 2010, No. 33, Article 471
No. 2453-VI dated 07/07/2010, BVR, 2010, No. 41-42, No. 43, No. 44-45, Article 529
No. 2487-VI dated 07/10/2010, BVR, 2010, No. 35-36, Article 491}

{Additionally, see Decision of the Constitutional Court
No. 19-rp/2010 dated 09/09/2010}

{As amended by Laws
No. 2677-VI dated 11/04/2010, BVR, 2011, No. 19-20, Article 142
No. 2748-VI dated 12/02/2010, BVR, 2011, No. 18, Article 124
No. 2756-VI dated 12/02/2010, BVR, 2011, No. 23, Article 160
No. 3156-VI dated 03/17/2011, BVR, 2011, No. 39, Article 396
No. 3266-VI dated 04/21/2011, BVR, 2011, No. 43, Article 449
No. 3422-VI dated 05/19/2011, BVR, 2011, No. 50, Article 541}

{Regarding recognition of certain provisions as constitutional, see Decision of the Constitutional Court
No. 5-rp/2011 dated 06/16/2011}

{As amended by Laws
No. 3568-VI dated 07/05/2011, BVR, 2012, No. 5, Article 37
Code
No. 3393-VI dated 05/19/2011, BVR, 2011, No. 48-49, Article 536
Laws
No. 3674-VI dated 07/08/2011, BVR, 2012, No. 14, Article 87
No. 3719-VI dated 09/08/2011, BVR, 2012, No. 19-20, Article 169
No. 3773-VI dated 09/22/2011, BVR, 2012, No. 19-20, Article 179
No. 3796-VI dated 09/22/2011, BVR, 2012, No. 21, Article 198

**Article 266$^1$.** Specific aspects of proceedings in cases regarding appeals against individual acts of the National Bank of Ukraine, the Deposit Guarantee Fund, the Ministry of Finance of Ukraine, the National Commission on Securities and Stock Market and decisions of the Cabinet of Ministers of Ukraine regarding the withdrawal of banks from the market

1. The rules of this article apply to administrative proceedings regarding:

1) the legality of individual acts of the National Bank of Ukraine on classifying a bank as insolvent, on revoking a bank's banking license and liquidation of a bank, on approving the proposal of the National Bank of Ukraine on the participation of the state in withdrawal of an insolvent bank from the market;

2) the legality of individual acts of the Deposit Guarantee Fund on the introduction of a temporary administration in the bank, on the initiation of the bank liquidation procedure, on the approval of the settlement plan and any other individual acts adopted in pursuance thereof, as well as individual acts on the appointment of authorized persons of the Deposit Guarantee Fund and delegation of powers to them;

3) the legality of decisions of the Cabinet of Ministers of Ukraine on the participation of the state in the withdrawal of an insolvent bank from the market;

4) the legality of individual acts of the Ministry of Finance of Ukraine, adopted in pursuance of the decisions of the Cabinet of Ministers of Ukraine on the participation of the state in the withdrawal of an insolvent bank from the market;

5) the legality of individual acts of the National Commission on Securities and Stock Market adopted in the process of withdrawing an insolvent bank from the market.

2. A notice of appeal against an individual act/decision shall be filed with the court within three months from the date of publication of such an act/decision in the manner prescribed by law. The specified period is limited and is not subject to renewal.

3. Filing of a notice of appeal, as well as the initiation of proceedings in an administrative case do not invalidate the appealed individual act/decision.

4. Administrative cases specified in the first part of this article are considered in general legal proceedings.

5. When considering administrative cases specified in the first part of this article, the court checks whether an individual act or decision was adopted on the basis, within the powers and in the manner provided for by the Constitution and laws of Ukraine, which determine the powers of the National Bank of Ukraine, the Deposit Guarantee Fund, the National Commission on Securities and Stock Market, the Cabinet of Ministers of Ukraine and the Ministry of Finance of Ukraine.

6. When considering administrative cases specified in part one of this article, the court uses as a basis for its own judgment and relies on quantitative and qualitative assessments and conclusions made by the National Bank of Ukraine, the Deposit Guarantee Fund, the Cabinet of Ministers of Ukraine, the Ministry of Finance of Ukraine, the National Commission on Securities and Stock Market, based on which relevant decisions were made, unless:

1) the appealed decision/act was adopted with a significant violation of the established procedure for its adoption (a violation that significantly affected the assessment result);

2) quantitative, qualitative assessments and conclusions are based on obviously erroneous information and/or do not take into account essential circumstances (facts) which, if taken into account, would prevent the adoption of the appealed decision/act;

3) there are obvious discrepancies and/or logical contradictions between quantitative, qualitative assessments and/or conclusions;

4) the appealed decision/act was adopted in the absence of powers or within the powers contrary to the purpose for which they were granted by law.

7. Based on the results of consideration of administrative cases specified in the first part of this article, the court may make a decision on:

1) recognition as unlawful (illegal) and cancellation of an individual act/decision specified in the first part of this article, or its separate provisions;

2) recovery from the defendant (defendants) of damage caused by its unlawful (illegal) individual act/decision, if such recovery is claimed by the plaintiff along with the claim for recognition as unlawful (illegal) and cancellation of an individual act/decision;

3) refusal to satisfy claims (in whole or in part).

8. Specific aspects of assessing the damage caused by unlawful (illegal) individual acts/decisions, specified in the first part of this article, are established by the Law of Ukraine "On Banks and Banking Activity".

9. Declaration unlawful (illegal) and cancellation of an individual act/decision, specified in the first part of this article, or its individual provisions:

1) does not restore the bank's status that had existed before the adoption of such an act/decision, including the legal status, and does not restore the status/rights of persons who were members of the bank at the time of adoption of such an act/decision;

2) cannot be a basis for declaring invalid, void, illegal and canceling any decisions, transactions or other actions/recognizing inaction as illegal, adopted, committed or allowed in the procedure of withdrawing an insolvent bank from the market/bank liquidation;

3) does not create any rights of persons who were members of the bank at the time of adoption of such an individual act/decision, except for the right to compensation for the damage caused.

10. The court may not make any other decision that may result in the suspension/termination of the initiated procedure for withdrawing an insolvent bank from the market and/or bank liquidation.

{The Code was supplemented by Article 266$^1$ in accordance with Law No. 590-IX dated 05/13/2020}



City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "**pg 1**" is, to the best of my knowledge and belief, a true and accurate translation from Ukrainian into English.

_____
Shayna Himelfarb

Sworn to before me this
February 6, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "**pgs 83 to 84**" is, to the best of my knowledge and belief, a true and accurate translation from Ukrainian into English.

_____
Shayna Himelfarb

Sworn to before me this
February 6, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

**LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS**

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE