UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOES 1 THROUGH 7                                    Case No. 6:22-cv-00990 (DNH) (TWD)

        Judgment Creditors,

    -against-

THE TALIBAN, AL-QAEDA and
THE HAQQANI NETWORK,

        Judgment Debtors,

    -and-

THE BANK OF NEW YORK MELLON,

        Garnishee.
_____

## GARNISHEE THE BANK OF NEW YORK MELLON'S AMENDED RESPONSE TO WRIT OF EXECUTION

Garnishee The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Katsky Korins LLP, for its amended response to the writ of execution dated November 2, 2022 and served on BNY Mellon on November 3, 2022 (the "Writ," ECF No. 17), states as follows:

1.    On November 10, 2022, the ECF court system filed a notice stating as follows: "Answer due date updated:  Answer due for Garnishee The Bank of New York Mellon on or before 11/13/2022. (gmd)."  Because no complaint has been filed in this proceeding, however, there is no answer to a complaint to be filed.  BNY Mellon accordingly interprets the notice as requiring a response to the Writ, and BNY Mellon filed its original response on November 14, 2022 (ECF No. 26).  BNY Mellon hereby amends its response, principally to take into account developments in this proceeding since the time of its original response.

A.        The Blocked Account (Blocked Account I) Originally
<u>Disclosed to Plaintiffs and Covered by the Writ</u>

       2.        Judgment Creditors John Does 1 Through 7, referred to here and in BNY Mellon's original response as "Plaintiffs," have a judgment against the Taliban, Al-Qaeda and the Haqqani Network and are seeking in this proceeding to enforce that judgment as against the Taliban under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297 § 201(a) (codified as a note to 28 U.S.C. § 1610) ("TRIA"). Plaintiffs moved for the Writ by *ex parte* motion filed on September 21, 2022, and the Court granted that motion by Order dated November 1, 2022 and filed the next day (ECF No. 16).

       3.        At the time it was issued, the Writ covered what was believed to be a single blocked account that BNY Mellon holds at its office in Oriskany, New York and that is the property of Prominvestbank (also known as Joint-Stock Commercial Industrial & Investment Bank), a Russian bank registered under the laws of Ukraine and headquartered in Kyiv, Ukraine ("Blocked Account I"). Blocked Account I is a deposit account that Prominvestbank had actively maintained at BNY Mellon up to the time it was blocked.

       4.        BNY Mellon blocked Blocked Account I on or about March 22, 2022 in accordance with certain sanctions regulations – 31 C.F.R. 587 (Russian Harmful Foreign Activities) and Executive Orders 13662 and 14024 (collectively, the "Russian Sanctions Program") – administered by the Office of Foreign Assets Control of the United States Treasury Department and applicable to the Russian Federation. Blocked Account I, which had a balance of $40,665,875.89 at the time of the block, remains subject to those sanctions. The Writ, then, is not necessary to maintain the block on Blocked Account I, but it does bear directly on the question of whether Plaintiffs have priority vis-à-vis other judgment creditors of the Taliban, referred to below, who may also have a claim to Blocked Account I.

B.     Deposit Guarantee Fund's Intervention in This Proceeding as Liquidator
       of Prominvestbank, and Its Motion to Intervene and to Vacate the Writ

5.     The Writ does not, however, by itself permit or warrant a turnover of the funds in Blocked Account I to Plaintiffs. As stated in BNY Mellon's original response, before a turnover can be ordered, Prominvestbank must have been given formal notice of this proceeding and an opportunity to appear and move to vacate the Writ. The Writ is based on Plaintiffs' contention that Prominvestbank is an "agency or instrumentality" of the Taliban as that term is incorporated into TRIA. But the Writ was issued on an *ex parte* basis, and due process requires that Plaintiffs serve their motion for the Writ on Prominvestbank under the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") or by an alternative means of service, under Federal Rules of Civil Procedure 4(f)(2)(A) or 4(f)(3), that is authorized by the Court.

6.     At the time of BNY Mellon's original response to the Writ, service on Prominvestbank had not been effected, but BNY Mellon understood that Plaintiffs were in the process of translating their motion for the Writ into Ukrainian and preparing to effect service on Prominvestbank under the Hague Convention. Plaintiffs were also then in the process of effecting service of their motion on the Taliban, and they filed an affidavit of service (ECF No. 33) on December 16, 2022 saying that service of the Taliban has been completed.

7.     Plaintiffs have still not, however, effected service on Prominvestbank as of the time of this amended response. But BNY Mellon independently undertook to notify Prominvestbank of this proceeding, and that notice eventually reached The Deposit Guarantee Fund ("DGF"), a Ukrainian governmental agency that, according to its counsel in this proceeding, is the liquidator of Prominvestbank pursuant to a decision rendered by the National

3

Bank of Ukraine on February 25, 2022 and the law of Ukraine "On the Deposit Guarantee System for Individuals."

8. After receiving notice of this proceeding, DGF, as liquidator of Prominvestbank, moved on December 30, 2022 by order to show cause to intervene in the proceeding and to vacate the Writ, arguing principally that Prominvestbank is not an agency or instrumentality of the Taliban. DGF's motion, which Plaintiffs oppose, is pending as of the time of this amended response.

C. The Second Blocked Prominvestbank Account (Blocked Account II) that Was Disclosed to Plaintiffs and DGF After the Filing of BNY Mellon's Original Response to the Writ

9. On January 10, 2023, after the filing of its original response to the Writ, BNY Mellon disclosed to Plaintiffs' and DGF's respective counsel a second blocked deposit account of Prominvestbank, which BNY Mellon blocked on February 24, 2022 under the Russian Sanctions Program ("Blocked Account II"). Blocked Account II, whose transaction reference number ends in 0211, was in the amount of $2,029,588.30 at the time of the block and remains blocked at BNY Mellon at its Oriskany office as of the time of this amended response.

10. Because the Writ covers all assets of Prominvestbank held at BNY Mellon and does not specifically refer to Blocked Account I or any other particular asset, the Writ appears to cover Blocked Account II as well. As of the time of this amended response, BNY Mellon, Plaintiffs and DGF are in discussions about a stipulation under which Blocked Account II would be treated in this proceeding the same way as Blocked Account I, obviating any potential need for Plaintiffs to seek a new writ covering Blocked Account II.

D. Other Judgment Creditors of the Taliban

11. Besides Plaintiffs and DGF, the only other parties of whom BNY Mellon is aware with a potential interest in or claim to Blocked Accounts I and II are plaintiffs in other pending

proceedings who have a judgment against the Taliban and are seeking to enforce it. BNY Mellon, based on publicly available documents and as advised by Plaintiffs' counsel, is aware of three other groups of judgment creditors of the Taliban besides Plaintiffs. Those creditor groups are referred to here as the Havlish Creditors, who obtained a judgment against the Taliban in *Havlish, et al. v. bin Laden et al.*, 1:03-cv-09848 (S.D.N.Y.) (GBD); the Smith Creditors, who obtained a judgment in *Smith v. The Islamic Emirate of Afghanistan et al.*, No. 01-cv-10132 (S.D.N.Y.); and the Federal Insurance Creditors, who obtained a judgment in *Fed. Ins. Co. et. al. v. Al Qaida et al.*, No. 03-cv-6978 (S.D.N.Y.).

12. As of the time of this amended response, BNY Mellon, the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors are in the midst of finalizing a stipulation to be filed with the Court for so-ordering. By that stipulation, any claims those judgment creditor groups may have to the funds in Blocked Accounts I and II will be extinguished, and BNY Mellon will be discharged and released from liability as to any such claims, in the event the Court either orders that the funds in Blocked Accounts I and II be turned over to Plaintiffs or holds that Blocked Accounts I and II are subject to receivership by DGF.

Dated:    New York, New York
          February 8, 2023

                                              KATSKY KORINS LLP

                                              By:   s/Steven B. Feigenbaum
                                                    Steven B. Feigenbaum
                                              605 Third Avenue
                                              New York, New York 10158
                                              (212) 953-6000
                                              sfeigenbaum@katskykorins.com
                                              *Attorneys for Garnishee The Bank
                                              of New York Mellon*