UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN DOES 1 THROUGH 7

Judgment Creditors,

-against-

THE TALIBAN, AL-QAEDA and
THE HAQQANI NETWORK,

Judgment Debtors,

-and-

THE BANK OF NEW YORK MELLON,

Garnishee.

Case No. 6:22-cv-00990 (DNH) (TWD)

IT IS SO ORDERED:

David N. Hurd
U.S. District Judge

Dated: 2-21-2023

STIPULATION AND ORDER REGARDING DISCLAIMER
OF INTEREST AND DISCHARGE AS TO BLOCKED ACCOUNT

This Stipulation and Order is entered into by and among defendant/garnishee The Bank of New York Mellon ("BNY Mellon"), on the one hand, and non-parties Fiona Havlish et al. (the "Havlish Creditors"); Raymond Anthony Smith, as Administrator of the Estate of George Eric Smith, and Katherine Soulas, in her own right, on behalf of her minor children, and as Executrix of the Estate of Timothy Soulas (the "Smith Creditors"); and the Federal Insurance Creditors, as defined below, on the other hand. The individuals and estates comprising the Havlish Creditors are set forth in the annexed Schedule A, and the insurance companies comprising the Federal Insurance Creditors are set forth in Schedule B.

WHEREAS:

a. In an action in the United States District Court for the Northern District of Texas entitled *John Does 1 Through 7 v. The Taliban et al.*, No. 4:20-cv-00605P, the plaintiffs in this

proceeding, John Does 1 Through 7 (the "Doe Plaintiffs"), obtained a judgment on November 5, 2020 for $138,418,741 in compensatory damages against the Taliban, Al Qaeda and the Haqqani Network jointly and severally (the "Judgment"). The Judgment has since been registered in this Court and has been satisfied only in small part. The Judgment is no longer subject to appeal.

b. As part of their effort to enforce the Judgment, the Doe Plaintiffs commenced this proceeding on September 21, 2022 by moving *ex parte* for a writ of execution covering a specific blocked account, held by BNY Mellon at its office in Oriskany, New York, that BNY Mellon disclosed to the Doe Plaintiffs in response to a subpoena they served on BNY Mellon in April 2022 ("Blocked Account I").

c. Blocked Account I, whose transaction reference number ends in 2711, is a blocked deposit account of Prominvestbank (also known as Joint-Stock Commercial Industrial & Investment Bank), a Russian bank registered under the laws of Ukraine and headquartered in Kyiv, Ukraine ("Prominvestbank"). Prominvestbank had actively maintained the Blocked Account at BNY Mellon up to the time the account was blocked.

d. BNY Mellon blocked Blocked Account I on or about March 22, 2022 under sanctions regulations – the Russian Harmful Foreign Activities Sanctions Program, 31 C.F.R. 587, and Executive Orders 13662 and 14024 – administered by the Office of Foreign Assets Control of the United States Treasury Department and applicable to the Russian Federation (the "Russian Sanctions Program"). Blocked Account I had a balance of $40,665,875.89 at the time of the block and continues to accrue interest. (All references hereafter to the "funds" in the Blocked Account are to the account's principal balance as of the time of the block plus all interest that has accrued and will continue to accrue.)

e. By Order dated November 1, 2022 and filed on ECF the next day (ECF No. 16), this Court granted the Doe Plaintiffs' motion for a writ of execution as to Blocked Account I (the "Writ"). The Doe Plaintiffs allege that Prominvestbank is an agency or instrumentality of the Taliban and seek in this proceeding the turnover of the funds in Blocked Account I under § 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA").

f. Proposed intervenor Deposit Guarantee Fund ("DGF") is a Ukrainian governmental agency that, pursuant to a decision rendered by the National Bank of Ukraine on February 25, 2022 and the law of Ukraine "On the Deposit Guarantee System for Individuals" (the Deposit Guarantee Fund Law), is the liquidator of Prominvestbank. After receiving notice of this proceeding, DGF moved on December 30, 2022 by order to show cause to intervene in the proceeding and to vacate the Writ. DGF's motion is pending as of the time of this Stipulation and Order.

g. On January 10, 2023, BNY Mellon disclosed to the respective counsel for the Doe Plaintiffs and for DGF a second blocked deposit account of Prominvestbank that BNY Mellon blocked on or about February 24, 2022 under the Russian Sanctions Program ("Blocked Account II"). Blocked Account II, whose transaction reference number ends in 0211, was in the amount of $2,029,588.30 at the time of the block and remains blocked at BNY Mellon at its Oriskany, New York office as of the time of this Stipulation and Order.

h. The Doe Plaintiffs and DGF both have expressed an interest in Blocked Account II. They and BNY Mellon believe that Blocked Account II should be treated for purposes of this litigation in the same manner as Blocked Account I, largely because the Writ, which by its terms covers all blocked assets of Prominvestbank held at BNY Mellon without specifically referring to or being confined to Blocked Account I, already covers Blocked Account II.

i. To determine the rights of all parties with an actual or potential interest in, right to or claim to the funds in Blocked Account I and in Blocked Account II, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, BNY Mellon will, if necessary, file a third-party complaint in interpleader, or otherwise bring into this action as interested parties, to enable any such parties to assert their interests in Blocked Accounts I and II and oppose the Doe Plaintiffs' and DGF's respective efforts to obtain a right to the funds in those accounts.

j. Besides the Doe Plaintiffs and DGF, the only other parties of whom BNY Mellon is aware with a potential interest in or claim to Blocked Accounts I and II are plaintiffs in other pending proceedings who have a judgment against the Taliban and are seeking to enforce it. BNY Mellon, based on publicly available documents and as advised by the Doe Plaintiffs' counsel, is aware of three other groups of judgment creditors of the Taliban besides the Doe Plaintiffs: the Havlish Creditors, the Smith Creditors, and the Federal Insurance Creditors.

k. In *Havlish, et al. v. bin Laden et al.*, 1:03-cv-09848 (S.D.N.Y.) (GBD), the Havlish Creditors, who represent 47 decedents' estates and 110 individual family members of those decedents, obtained a judgment in the amount of $6,580,655,671.66, comprised in part of $1,362,277,884 in compensatory damages, against the Islamic Republic of Iran, the Taliban, and other entities that are political subdivisions or agencies or instrumentalities of Iran. The Havlish Creditors' judgment remains unsatisfied as of the time of this Stipulation and Order.

l. In *Smith v. The Islamic Emirate of Afghanistan et al.*, No. 01-cv-10132 (S.D.N.Y.), the Smith Creditors obtained a judgment in 2003 against the Taliban and others, jointly and severally, for economic damages, solatium damages and their decedents' pain and

suffering. Most of the Smith Creditor's judgment, which collectively totals more than $70 million, remains unsatisfied as of the time of this Stipulation and Order.

m. In *Fed. Ins. Co. et. al. v. Al Qaida et al.*, No. 03-cv-6978 (S.D.N.Y.), the Federal Insurance Creditors – approximately 40 insurance companies that made insurance payments for damage incurred as a result of the September 11, 2001 terrorist attacks – obtained a judgment as to liability in 2006 against Al Qaeda, the Taliban and Hezbollah, and a money judgment against Al Qaeda for $9,351,247,965.99. That monetary award was later extended in full as against the Taliban and remains unsatisfied as of the time of this Stipulation and Order.

n. The Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors, notwithstanding their respective judgments against the Taliban, are prepared to relinquish and surrender with prejudice, pursuant to the terms set forth below, any claims to Blocked Accounts I and II that they might otherwise have.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1. The Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors each stipulate that the Doe Plaintiffs have priority concerning Blocked Accounts I and II, and that they will not contest the Doe Plaintiffs' efforts to execute against Blocked Accounts I and II in partial satisfaction of their judgment.

2. The Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors further stipulate that, if the Court either orders that the funds in Blocked Accounts I and II be turned over to the Doe Plaintiffs or holds that Blocked Accounts I and II are subject to receivership by DGF, then:

i. Any and all claims, rights and interests that the Havlish Creditors, the Smith Creditors or the Federal Insurance Creditors ever had, now have or may hereafter

have in or to Blocked Accounts I and II will be relinquished, surrendered, terminated and extinguished with prejudice; and

ii. The Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors covenant and agree not to assert, at any time, a claim against BNY Mellon as to either Blocked Account I or Blocked Account II in any court or tribunal anywhere in the world.

3. In light of the foregoing stipulations by the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors, BNY Mellon shall not name those creditor groups as parties in any interpleader action that BNY Mellon might file or otherwise seek to bring any of those groups into this action as parties.

4. In consideration of BNY Mellon's agreement not to interplead or otherwise bring in the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors as parties to this action, the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors hereby discharge and release BNY Mellon from any and all liability and obligations of any kind whatsoever with respect to the funds in Blocked Account I and those in Blocked Account II in the event of an order either turning over the funds in Blocked Accounts I and II to the Doe Plaintiffs or holding that Blocked Accounts I and II are subject to receivership by DGF.

5. The Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors have no objection to, and will not oppose the entry of, any future order or judgment of this Court or any other court (i) either awarding the funds in Blocked Accounts I and II to the Doe Plaintiffs or holding that the funds in Blocked Accounts I and II are subject to receivership by DGF, and (ii) discharging BNY Mellon from any liability to any person or entity, including the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors, with respect to the funds in

Blocked Accounts I and II as a result of any such award or holding. The Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors agree not to contest the validity of any such order or judgment in any future proceeding in this or any other court or tribunal.

6. This Stipulation and Order is tantamount to a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to (i) the Havlish Creditors', the Smith Creditors' and the Federal Insurance Creditors' actual or potential claims to, rights to or interest in the funds in Blocked Account I and those in Blocked Account II; and (ii) the discharge and release of BNY Mellon from any liability or obligation to the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors, of any kind whatsoever, as to the funds in Blocked Account I and those in Blocked Account II as a result of an order either turning over the funds in Blocked Accounts I and II to the Doe Plaintiffs or holding that Blocked Accounts I and II are subject to receivership by DGF. The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers Blocked Accounts I and II and that is entered in this Court, or in any other court, upon the conclusion of this action.

7. Nothing in this Stipulation and Order shall limit, restrict, alter or otherwise affect the right of BNY Mellon to recover out of Blocked Accounts I or II its attorneys' fees and expenses incurred in connection with this action.

8. BNY Mellon, the Havlish Creditors, the Smith Creditors and the Federal Insurance Creditors agree that, between the time this Stipulation and Order is signed by them and the time it is so-ordered by the Court, the Stipulation and Order shall be fully binding on them and of no less force and effect than when it is so-ordered.

9. This Stipulation and Order may be executed digitally by the parties hereto, and digital signatures shall have the same force and effect as original signatures. BNY Mellon will file the Stipulation and Order with the Court, for so-ordering, once it has been signed by all parties.

Dated: February 17, 2023

KATSKY KORINS LLP

By: s/Steven B. Feigenbaum
Steven B. Feigenbaum
605 Third Avenue
New York, New York 10158
(212) 953-6000
sfeigenbaum@katskykorins.com
*Attorneys for Defendant/Garnishee The Bank of New York Mellon*

JENNER & BLOCK

By: s/Douglass A. Mitchell
Douglass A. Mitchell
1099 New York Avenue, N.W., Suite 900
Washington D.C. 20001
(202) 639-6090
dmitchell@jenner.com
*Attorneys for the Havlish Creditors*

THE BEASLEY FIRM, LLC

By: s/James E. Beasley, Jr.
James E. Beasley, Jr.
1125 Walnut Street
Philadelphia, Pennsylvania 19107
(215) 592-1000
jbj@beasleyfirm.com
*Attorneys for the Smith Creditors*

COZEN O'CONNOR

By: s/Sean P. Carter
Sean P. Carter
1900 Market Street
The Atrium
Philadelphia, Pennsylvania 19103
(215) 665-2071
scarter1@cozen.com
*Attorneys for Federal Insurance Creditors*

SCHEDULE A

HAVLISH JUDGMENT CREDITORS

Alan Gu
Diane Romero
Alexander Rowe
Alice Carpeneto
Angela Stergiopoulos
Anne Marie Dorf
Barry Russin
Benefit of Devon Marie Rodak
Benefit of Maranda C. Ratchford
Brenda Sorenson
Brian Collman
Catherine Deblieck
Charles Collman
Chelsea Nicole Rodak
Christina Bane-Hayes
Christine Barton (now Pence)
Christine Papasso
Christopher Caproni
Clara Chirchirillo
Corazon Fernandez
Daniel D. Coffey, M.D.
Diane Romero
Dolores Caproni
Donald Bane
Donald Havlish, Sr.
Doyle Raymond Ward
Dwayne W. Collman
Ed Russin
Ellen Saracini
Estate of Andrew Stergiopoulos
Estate of Brian Nunez
Estate of Daniel M. Coffey
Estate of Denis Lavelle
Estate of Donald J. Havlish, Jr.
Estate of Dorthy Mauro
Estate of Edward W. Straub
Estate of Elvin Romero
Estate of George Eric Smith
Estate of James D. Halvorson
Estate of Jason Coffey
Estate of Jeanmarie Wallendorf
Estate of Jeffrey Coale

Estate of Jeffrey Collman
Estate of Jennifer Tino
Estate of John Grazioso
Estate of John M. Rodak
Estate of John William Perry
Estate of Joseph Lostrangio
Estate of Joshua Scott Reiss
Estate of Judy Fernandez
Estate of Liming Gu
Estate of Linda Ellen Panik
Estate of Maria Theresa Santillian
Estate of Marsha Dianah Ratchford
Estate of Martin Boryczewski
Estate of Mary Melendez
Estate of Meta Waller
Estate of Michael A. Bane
Estate of Michael Boryczewski
Estate of Michael Diehl
Estate of Paul K. Sloan
Estate of Peter Chirchirillo
Estate of Peter T. Milano
Estate of Philip Paul Ognibene
Estate of Richard M. Caproni
Estate of Richard Rosenthal
Estate of Robert Levine
Estate of Ronald Gamboa
Estate of Salvatore T. Papasso
Estate of Scott Schertzer
Estate of Stephen Dorf
Estate of Steven Cafiero
Estate of Timothy P. Soulas
Estate of Timothy Raymond Ward
Estate of Victor Saracini
Estate of Vincent A. Ognibene
Estate of William R. Godshalk
Estate of William R. Steiner
Estate of Yvette Nichole Moreno
Ester Santillian
Expedito Santillian
Fiona Havlish
Frances M. Coffey
FuMei Chien
George Stergiopoulos, M.D.
Gerald Bingham
Gloria Russin
Grace Kneski

Grace M. Parkinson-Godshalk
Guardian of Anne C. Saracini
Haomin Jian
Helen Rosenthal
Hui-Chien Chen
Hui-Chuan Jian
Hui-Zon Jian
Huichun Jian
Ivy Moreno
Jin Liu
Joan E. Tino
Joanne Gori
Joanne Lovett
Joanne Renzi
John Rodak
Joseph Dorf
Joslin Zeplin
Joyce Ann Rodak
Judith Reiss
Julia Boryczewski
Katherine Soulas
Kevin M. Coffey
Krystyna Boryczewski
Leona Zeplin
Leonard Zeplin
Linda Sammut
Lisa Caproni-Brown
Livia Chirchirillo
Loisanne Diehl
Loren Rosenthal
Margaret Mauro
Marie Ann Paprocki
Marshee R. Ratchford
Martin Panik
Mary Lynn-Anna Panik Stanley
Maureen Halvorson
Maureen R. Halvorson
Michael Caproni
Michael Loguidice
Michele Boryczewski
Michelle Wright
Morris Dorf
Pamela Schiele
Patricia J. Perry
Patricia Milano
Paul Schertzer

Ralph S. Maerz
Ramon Melendez
Raymond Doyle Smith
Regina Maria Merwin
Regina Rodak
Richard A. Caproni
Robert Dorf
Rodney M. Ratchford
Rodney Ratchford
Ronald S. Sloan
Roni Levine
Russa Steiner
Sandra Straub
Stephen L. Cartledge
Susan Conklin
Tara Bane
Teresanne Lostrangio
Tina Grazioso
William Coale
William Havlish

SCHEDULE B

FEDERAL INSURANCE JUDGMENT CREDITORS

Vigilant Insurance Company
Chubb Custom Insurance Company
Chubb Indemnity Insurance Company
Federal Insurance Company
Chubb Insurance Company of New Jersey
Chubb Insurance Company of Canada
Pacific Indemnity Company
Great Northern Insurance Company
AXA Art Insurance Corp.
AXA Global Risks (UK) Ltd.
AXA CSA UK Branch
AXA Insurance Company
AXA Reinsurance Company
AXA RE
AXA RE Canadian Branch
AXA RE UK Plc
AXA Versicherung
SPS RE
American Alternative Insurance Company
Princeton Excess and Surplus Lines Insurance Company
Great Lakes UK Reinsurance Company
OneBeacon Insurance Company
TIG